TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Shannon Thompson,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Thompson, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC a Georgia company, Barclays Bank Delaware, a Delaware corporation, and Healthcare Collections-I, L.L.C. dba Healthcare Collection, Inc. an Arizona company. | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, SHANNON THOMPSON, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; and 28 U.S.C. §§1331, 1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Mesa, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## **PARTIES**

4. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Barclays Bank Delaware ("Barclays"), which is a Delaware corporation that maintain its offices in Wilmington, Delaware; and

2

c. Healthcare Collections-I, L.L.C. dba Healthcare Collection, Inc.

("Healthcare Collections"), which is an Arizona company that maintains

a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. Defendant Healthcare Collections is attempting to collect a consumer type debt

allegedly owed by Plaintiff to Banner Gateway with account number N33835 in

the amount of $168.00.

6. On or about June 7, 2016, Mr. Thompson obtained his credit files and noticed

that Defendant Healthcare Collections reported the alleged Debt as disputed.

He also noticed that Barclays Bank reported its trade line with account number

00008421227… as disputed (hereinafter "Errant Trade Lines").

7. On or about November 15, 2016, Mr. Thompson submitted a letter to Equifax,

stating that he no longer disputed the Errant Trade Lines.  He requested that the

disputed language be removed from the Errant Trade Lines.

8. Upon information and belief, Equifax forwarded Mr. Thompson's consumer

disputes to Healthcare Collections and Barclays.

9. On or about December 14, 2016, Mr. Thompson received Equifax's

investigation results, which showed that both Barclays and Healthcare

Collections retained the disputed language on the Errant Trade Lines.

3

10. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

### COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY HEALTH CARE COLLECTIONS**

11. Plaintiff realleges the above paragraphs as if recited verbatim.

12. At all relevant times, Defendant Healthcare Collections, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Plaintiff is a "consumer" pursuant to the FDCPA, and the account at issue is a consumer debt.

14. Defendant Health Care Collections is a "debt collector" pursuant to the FDCPA, 15 U.S.C. §1692a(6).

4

15. Defendant Healthcare Collections' foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt. Defendant did this when it failed to remove the disputed status from Mr. Thompson's credit file on the alleged Debt; and

    b. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect a debt. Defendant did this when it failed to remove the disputed language from Mr. Thompson's credit file which misrepresented the status of the alleged Debt.

16. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE**, **PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HEALTHCARE COLLECTIONS

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax of Mr. Thompson's consumer dispute that he wanted the disputed language removed from the Errant Trade Line, Healthcare

5

Collections negligently failed to conduct a proper investigation of Mr. Thompson's dispute as required by 15 USC 1681s-2(b).

19. Healthcare Collections negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax to remove the disputed language from the Errant Trade Line.

20. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Thompson's consumer credit file with Equifax to which it is reporting such trade line.

21. As a direct and proximate cause of Healthcare Collections' negligent failure to perform its duties under the FCRA, Mr. Thompson has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. Healthcare Collections is liable to Mr. Thompson by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Mr. Thompson has a private right of action to assert claims against Healthcare Collections arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Healthcare Collections for damages, costs, interest and attorneys' fees.

## COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HEALTHCARE COLLECTIONS

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax that Mr. Thompson disputed the accuracy of the information it was providing, Healthcare Collections willfully failed to conduct a proper reinvestigation of Mr. Thompson's dispute.

26. Healthcare Collections willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Healthcare Collections' willful failure to perform its duties under the FCRA, Mr. Thompson has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Healthcare Collections is liable to Mr. Thompson for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Healthcare Collections for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Equifax of Mr. Thompson's consumer dispute that he wanted the disputed language removed from the Errant Trade Line, Barclays negligently failed to conduct a proper investigation of Mr. Thompson's dispute as required by 15 USC 1681s-2(b).

31. Barclays negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the disputed language from the Errant Trade Line.

32. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Thompson's consumer credit file with Equifax to which it is reporting such trade line.

33. As a direct and proximate cause of Barclays' negligent failure to perform its duties under the FCRA, Mr. Thompson has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Barclays is liable to Mr. Thompson by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. Mr. Thompson has a private right of action to assert claims against Barclays arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Barclays for damages, costs, interest, and attorneys' fees.

## <u>COUNT V</u>

### <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS</u>

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by Equifax that Mr. Thompson disputed the accuracy of the information it was providing, Barclays willfully failed to conduct a proper reinvestigation of Mr. Thompson's dispute.

38. Barclays willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of Barclays' willful failure to perform its duties under the FCRA, Mr. Thompson has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. Barclays is liable to Mr. Thompson for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount

9

to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Barclays for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Thompson as that term is defined in 15 USC 1681a.

43. Such reports contained information about Mr. Thompson that was false, misleading, and inaccurate.

44. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Thompson, in violation of 15 USC 1681e(b).

45. After receiving Mr. Thompson's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Thompson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Equifax is liable to Mr. Thompson by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VII</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Thompson as that term is defined in 15 USC 1681a.

50. Such reports contained information about Mr. Thompson that was false, misleading, and inaccurate.

51. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Thompson, in violation of 15 USC 1681e(b).

52. After receiving Mr. Thompson's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Thompson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Equifax is liable to Mr. Thompson by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

   **WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

1    Plaintiff hereby demands a trial by Jury.

2

3

4   DATED: January 27, 2017

5                                                  KENT LAW OFFICES

6

7

8                                    By: _/s/  Trinette G. Kent_____
                                        Trinette G. Kent
9                                       Attorneys for Plaintiff,
10                                      Shannon Thompson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        13